UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KIRK GIBSON,

                Petitioner,

      v.                                             CAUSE NO. 3:22-CV-463-DRL-MGG

WARDEN,

                Respondent.

## OPINION AND ORDER

Kirk Gibson, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-21-5-352) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of attempted trafficking in violation of Indiana Department of Correction Offenses 111 and 113. Following a disciplinary hearing, he was sanctioned with a loss of 180 days earned credit time and a demotion in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Mr. Gibson argues that he is entitled to habeas relief because the hearing officer relied on photographs of the contraband that were not shown to him until the date of the initial hearing and because the hearing officer also relied on hearsay evidence. He asserts that he was granted a rehearing on administrative appeal based on the failure to disclose these photographs but that the failure to disclose them also occurred at the rehearing.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report alone is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision."). The Federal Rules of Evidence do not apply to prison disciplinary proceedings, so even hearsay evidence that would not be admissible in federal court may be sufficient to satisfy this evidentiary standard. *See Crawford v. Littlejohn*, 963 F.3d 681, 683 (7th Cir. 2020) ("Wolf did not testify before the board, so his statements are hearsay, but hearsay is 'some evidence.'").

Departmental policy defines Offense 111 and Offense 113 as follows:

**Offense 111 - Conspiracy/Attempting/Aiding or Abetting**

Attempting by one's self or with another person or conspiring or aiding and abetting with another person to commit any Class A offense.

**Offense 113 - Trafficking**

Giving, selling, trading, transferring, or in any other manner moving an unauthorized physical object to another person; or receiving, buying, trading, or transferring; or in any other manner moving an unauthorized physical object from another person without the prior authorization of the facility warden or designee.[1]

---

[1] This policy is available at https://www.in.gov/idoc/files/ADP-Attachment-I-Offenses-3-1-2020.pdf.

The administrative record includes a conduct report in which an investigator represented that the investigator approached Officer Sluss before she entered the facility and interviewed her. ECF 1-1 at 17. During the interview, Officer Sluss represented that she had two sudoku books for Mr. Gibson and had received payment for delivering them through a money transferring application. *Id.* The administrative record contains photographs of sudoku books that the correctional officer had previously delivered to Mr. Gibson, which were found in his property box. *Id.* at 2, 5-7. The administrative record also includes a statement from the investigator that Officer Sluss conceded the facts of this attempted trafficking incident under oath in a court proceeding. *Id.* at 2.

The conduct report and the photographs constitute some evidence that Mr. Gibson committed the offense of attempted trafficking. Further, it is unclear how the correctional staff could have failed to disclose the photographs at the rehearing given Mr. Gibson's allegation that the hearing officer presented the photographs to him at the initial hearing. Moreover, notice of particular articles of evidence before the hearing is not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff*, and the United States Supreme Court has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Therefore, the argument that the hearing officer relied on improper evidence to find Mr. Gibson guilty is not a basis for habeas relief.

Mr. Gibson argues that he is entitled to habeas relief because the screening officer denied his request for exculpatory evidence because correctional staff "did not have the

time." ECF 1 at 2. Though the allegations in the petition are vague, it appears that Mr.

Gibson referencing the following correspondence from the screening officer, which he

attached as an exhibit to the petition:

> You requested for evidence the book record of my books through the mail.
> I emailed the mail room and that is what they said. "We do not have the
> time to sit down and write down every book month by month Offender
> Gibson has ordered or sent in. This would take an extended amount of time
> in which we do not have."

ECF 1-1 at 15.

"[T]he inmate facing disciplinary proceedings should be allowed to call witnesses

and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974).

However, "[p]rison officials must have the necessary discretion to keep the hearing

within reasonable limits and to refuse to call witnesses that may create a risk of reprisal

or undermine authority, as well as to limit access to other inmates to collect statements

or to compile other documentary evidence." *Id.* "[P]rison disciplinary officials need not

permit the presentation of irrelevant or repetitive evidence in order to afford prisoners

due process in disciplinary proceedings." *Scruggs v. Jordan*, 485 F.3d 934, 939–40 (7th Cir.

2007). Mr. Gibson does not explain why he believes that the mail room staff's concern

about the burdensome nature of his request was an unreasonable limitation.

Further, it is unclear how the mail records would have affected the outcome of this

case. Presumably, Mr. Gibson sought these records to show that the books within his

possession were not delivered to him by Officer Sluss. However, the administrative

record indicates that Officer Sluss had delivered some books to Mr. Gibson but was

prevented from delivering other books to Mr. Gibson. ECF 1-1 at 13. Because the focus of

the conduct report was on the books Officer Sluss had merely attempted to deliver, it is unclear how the mail records could have assisted Mr. Gibson in defending the disciplinary charge. Consequently, the claim that his request for evidence were denied is not a basis for habeas relief.

Mr. Gibson also argues that he is entitled to habeas relief because he did not receive sufficient notice of the charges. He maintains that he was charged with trafficking at screening but found guilty of attempted trafficking at the hearing. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). This notice must be given no less than twenty-four hours before the hearing. *Id.*

The court of appeals addressed a similar argument in *Northern v. Hanks*, 326 F.3d 909 (7th Cir. 2003). In that case, an inmate was charged with bribery for smuggling tobacco with the assistance of correctional staff but was found guilty of attempted trafficking based on the same factual basis. *Id.* at 909-10. The court held that this finding of guilt did not violate the inmate's procedural rights because he received notice of the facts underlying the bribery charge, and these facts were sufficient to apprise the inmate that he could also be subject to discipline for the offense of attempted trafficking. *Id.* at 910-11.

Similarly, here, the administrative record includes a copy of the conduct report, which articulates the factual basis for the trafficking charge and indicates that Mr. Gibson received a copy of the conduct report. ECF 1-1 at 17. According to departmental

regulations, the definition of trafficking substantially overlaps the definition of attempted trafficking, and the facts set forth in the conduct report support a charge of attempted trafficking. ECF 1-1 at 17. Because Mr. Gibson received adequate notice of the facts underlying the attempted trafficking finding, the argument that he did not receive sufficient notice is not a basis for habeas relief.

Because Mr. Gibson has not demonstrated that he is entitled to habeas relief, the habeas petition is denied. If Mr. Gibson wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Kirk Gibson leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

July 1, 2022                                             *s/ Damon R. Leichty*
                                                        Judge, United States District Court

6